IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CLINTON CALHOUN III<br><br>    Plaintiff,<br><br>v.<br><br>DON DAVIS AUTOGROUP, INC.,<br>DON DAVIS NISSAN, INC., and<br>DON DAVIS AUTO, INC. (d/b/a<br>DON DAVIS TOYOTA)<br><br>    Defendants. | Civil Action No. 3:11-cv-01824-O<br><br>District Judge Reed O'Connor<br><br>Magistrate Judge Renee H. Toliver<br><br>JURY DEMAND |

PLAINTIFF'S MOTION TO COMPEL DISCOVERY
RESPONSES AND BRIEF IN SUPPORT

Pursuant to the Federal Rules of Civil Procedure 26 and 34, Plaintiff Clinton Calhoun III — through undersigned counsel — files Plaintiff's Motion to Compel Discovery Responses and Brief in Support (the "Motion"), and respectfully states as follows.[1]

## II. INTRODUCTION

1. The Motion addresses deficiencies in Defendants' objections and responses to document requests. The Court signed a Protective Order [ECF Doc. 21] on February 22, 2012 that governed discovery and other information the parties may claim to be confidential. The Court signed an Amended Protective Order [ECF Doc. 45] on February 6, 2013 that continues to govern discovery and other information the parties may claim to be confidential.

2. Calhoun seeks an order compelling Defendants to (a) clarify whether they are withholding responsive documents pursuant to objections and, for those requests to which they asserted no objection, clarify whether they have produced all responsive documents and, if not produce all responsive documents; (b) produce manager and supervisor manuals; (c) produce employment forms used in connection with employment decisions such as those made in this case; (d) produce requested job descriptions; (e) produce non-medical portions of personnel files of those involved in the decisions at issue; (f) produce non-medical portions of personnel files of employees who replaced

---

[1] Unless otherwise noted, Plaintiff's attorneys have supplied all emphases, omitted from quotations of judicial opinions all internal citations and quotations, and omitted from all citations to judicial opinions all internal citing references.

  Plaintiff's attorneys will contemporaneously file with the Motion an Appendix in Support of Plaintiff's Motion to Compel Discovery Responses (the "Appendix").

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
**RESPONSES AND BRIEF IN SUPPORT — PAGE 1 OF 12**

Plaintiff; (g) produce specified types of complaints about the decision-makers in this case; (h) produce the written vacation and leave request information at issue in this case; (i) produce performance and pay records of other employees, as pay disparity and Defendants' claims concerning comparative performance are at issue, (j) produce dealership income performance records, as Plaintiff contends he was transferred to a less desirable dealership, (k) produce net worth information as relevant to punitive damages, (l) produce information relevant to attorneys' fees, and (m) produce missing attachments from emails produced.

## II. FACTUAL BACKGROUND

2.      This is an employment discrimination and contract case.[2]  Plaintiff, who is black, worked at a car dealership when a homosexual employee and two black employees, including him, were all transferred away to a less desirable car dealership. On information and belief, Plaintiff was replaced with a substantially younger white employee with less relevant experience.

3.      Additionally, Plaintiff was offered a guaranteed minimum monthly income to take the transfer [presumably as opposed to quitting].  Plaintiff went through with the transfer but was not paid the guaranteed minimum monthly income.  On information and belief, and in contrast, a white employee was promised and was paid a guaranteed minimum monthly income.

4.      At the new dealership, Plaintiff was required to perform the work of two

---

[2] *See generally* Plaintiff's First Amended Complaint and Jury Demand (ECF No. 12) (asserting race and age discrimination, breach of contract, an alternative claim for *quantum meruit*, and fraud).

positions while being paid for one. Indeed, on information and belief, after Plaintiff's termination from this dealership, two substantially younger white employees assumed Plaintiff's prior duties. Prior to termination, Plaintiff was ultimately given the title of the higher position that he was already performing. When later informed that he would be demoted back to the lower level position, Plaintiff's supervisor said words to the effect that he was not going to have a black guy in the position [the higher level position].

5. Plaintiff requested some vacation time. Plaintiff's supervisor approved the vacation request. Plaintiff's supervisor, knowing Plaintiff was on vacation, then apparently claimed he had no idea where Plaintiff was and terminated Plaintiff, ostensibly for job abandonment.

### III.  ARGUMENT AND AUTHORITIES

A.  **Objections to Requests for Production**

Some of Defendants' objections and responses mask whether Defendants are withholding documents pursuant to objections.[3] For example, Defendants object to a request "*to the extent* it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence."[4] Defendants then couple such "to the extent" objections with "subject to and without waiving the foregoing objections, please see documents attached . . . ."[5] The net effect is that Plaintiff cannot reasonably determine if

---

[3] *See generally* Appendix pp. 11, 16, 17, 19, 28, 29 at objections and responses to Document Request Nos. 1, 2, 23, 28, 37, 79, and 81.

[4] *See* Appendix p. 11 at objection and response to Document Request No. 1.

[5] *See id.*

some responsive documents are being withheld pursuant to objections. Plaintiff requests an order that Defendants comply with Federal Rule of Civil Procedure 34(b)(2)(C) and specify the part(s) of the requests in response to which they are producing documents and the part(s) in response to which they are withholding responsive documents.

Defendants also do not make clear whether all responsive documents have been produced even when no objection is asserted. For example, in response to a document request to which Defendants assert no objection, Defendants respond "please see documents previously produced, bates stamped . . . ."[6] This type of response does not make clear whether all responsive documents have been produced. Plaintiff requests an order requiring Defendants to clarify whether all responsive documents have been produced and, if not, to produce all responsive documents.

B.   **Manager / Supervisor Manuals**

Document Request 4 sought manager and supervisor manuals for Plaintiff's managers in effect since January 1, 2007.[7] Defendants' Human Resources Director confirmed today in oral deposition that such manuals do exist and contain guidelines on the law as related to employment decisions such as termination. The failure to follow policies and procedures can be proof of unlawful discrimination.[8] Plaintiff requests an order overruling objections and compelling production.

---

[6] *See generally* Appendix p. 11-12, 13, 19, 20, 21, 25, 26, 30, at response to Document Request Nos. 5, 6, 7, 8, 12, 39, 44, 46, 65, 66, 69, 86, 87, and 88.

[7] *See* Appendix p. 11.

[8] *See, e.g., Russell v. McKinney Hosp. Venture,* 235 F.3d 219, 224 (5th Cir. 2000) (reversing grant of employer's motion for judgment as matter of law based in part on evidence that employer had not followed its own corrective action plan by its own

C.  **Employment Forms**

Document Request 7 sought employment forms used during Plaintiff's employment for employees in his position regarding several distinct topics — such as terminations, vacation requests, etc.[9]  The only such form produced was a separation form. A former General Manager testified that Don Davis Toyota used forms for vacation requests [and Plaintiff submitted a written vacation request at issue in this case that Defendants have not produced].  Plaintiff seeks an order compelling a complete response.

D.  **Job Descriptions**

Document Requests 9, 10 and 11 sought job descriptions of two of Plaintiff's bosses and the HR personnel responsible for employees at the dealerships [Plaintiff worked at two of those dealerships].[10]  Defendants objected and provided no response. Such job descriptions are discoverable for a number of reasons, including but not limited to providing basic context and understanding of operations and hierarchy and assessing whether a statement is an admission of party opponent under Federal Rule of Evidence 801(d)(2)(A), (C), or (D).

E.  **Personnel Files of Those Involved in Decision**

Document Requests 13 and 14 sought personnel files of two of Plaintiff's bosses

---

internal procedures); *Pruitt v. Dallas Indep. Sch. Dist.*, No. 3-04-CV-0554 at p. 12 (N.D. Tex. April 21, 2006) ("The failure to investigate this discrepancy, contrary to established policy, is some evidence of pretext.").

[9] *See* Appendix p. 12.

[10] *See* Appendix pp. 12-13.

and those involved in any decision to terminate Plaintiff.[11]  One of those bosses, Mr. McWhorter, held the same position as Plaintiff [F&I Director] and so, is a potential comparator.  Precedent permits discovery of such personnel files.[12]  Defendants produced some personnel records for Mr. McWhorter [DD 0260 to 0274], but Plaintiff cannot determine if the production is complete or, if narrowed, how it is narrowed.  Plaintiff seeks an order overruling the objections and compelling complete production.

F.  **Personnel Files of Replacements**

Document Requests 25 and 26 sought personnel files of the persons who replaced Plaintiff in his F&I Producer and F&I Director positions.[13]  Similarly, Document Requests 76 and 84 sought documents concerning the hiring of replacements.[14]  Defendants limited their response to replacements *only* at the Toyota store — ostensibly

---

[11] *See* Appendix p. 13.  Although Plaintiff agreed to exclude medical and mental health information in the personnel files, Defendants' HR Director clarified today in oral deposition that medical is kept in separate confidential files and not the personnel files.  Plaintiff notes that personnel files typically include a host of helpful information — performance records [whether positive or negative or objective or subjective], age and race information, which employees were under which supervisors at which times, patterns of transfers or demotions or terminations as concerns the case, impeachment of employer statements [for example, personnel files impeach claim as to reason for termination, or claim that an employee was not replaced, etc.].

[12] *See, e.g., Coughlin v. Lee*, 946 F.2d 1152 (5th Cir. 1991) (district court abused discretion in not permitting discovery of personnel files of potential comparators) and *Moss v. Blue Cross and Blue Shield, Inc.*, 241 F.R.D. 683, 698 (D. Kan. 2007) ("[G]enerally an individual's personnel file is relevant and/or reasonably calculated to lead to the discovery of admissible evidence, and therefore discoverable, if the individual is alleged to have engaged in the retaliation or discrimination at issue or to have played an important role in the decision or incident that gives rise to the lawsuit.").

[13] *See* Appendix p. 16.

[14] *See* Appendix pp. 28, 30.

refusing to produce such files for replacements at the Nissan store at which Plaintiff worked. Plaintiff's claims here include the transfer from the Nissan store to the Toyota store.

Further, although Defendants agreed to produce responsive documents concerning replacement(s) at the Toyota store pending issuance of an agreed protective order, the only such personnel files produced were for S. Farhataziz [DD 0288 to 0297]. For her personnel file, Plaintiff cannot determine if the production is complete or, if narrowed, how it is narrowed. Moreover, no other replacement personnel files were produced. Yet, testimony indicates that two people were promoted into F&I producer position(s) that Plaintiff held after Plaintiff's employment ended.

### G.     Certain Complaints re: Steve Massey

Document Request 17 asked for, in essence, certain types of complaints against Steve Massey — a decision-maker in this case.[15] Defendants limited the response to "issues of race, age, and/or retaliation." This case also involves breach of contract and fraud claims. Plaintiff seeks an order overruling objections and compelling a complete response including complaints of promises that he made to employees but did not keep; complaints that he lied to the employee; complaints that he had not paid the employee what had been promised to the employee; and complaints of fraud.

Document Request 18 sought investigatory notes concerning such complaints.[16] Document Request 19 sought writings regarding disciplinary actions arising from such

---

[15] *See* Appendix pp. 14.

[16] *See* Appendix pp. 14-15.

complaints.[17]  Plaintiffs seek an order overruling the objections and compelling a complete response.

### H. Leave / Vacation Requests

Document Request 45 sought Plaintiff's written leave requests and written approvals and denials of such requests.[18]  Defendants responded that any such documents would be in Plaintiff's personnel file [DD 0066 to 0171].  But no such documents appear to be contained in Plaintiff's personnel file.  Moreover, Mr. Massey testified that Mr. Calhoun gave him a written vacation request:  He testified that he does not know what he did with it.  Plaintiff seeks an order compelling production of this [if it was not destroyed or lost] and other vacation requests for Plaintiff.

Document Requests 47 and 48 sought leave records for other persons holding the same positions as Plaintiff in approximately the same time frame as Plaintiff worked for Defendants.[19]  This case involves an allegation that Plaintiff was terminated for "job abandonment" following his written request to take vacation leave.  How Defendants handled leave requests of other employees — in the same jobs during approximately the same time frame — may provide pretext evidence.  Plaintiff requests an order overruling objections and compelling a complete response.

### I. Performance and Pay of Other Finance Managers / Directors

Document Request 49 sought performance records other F&I Producers/Managers

---

[17] *See* Appendix p. 15.

[18] *See* Appendix p. 20.

[19] *See* Appendix p. 21.

at the Nissan store where Plaintiff worked in approximately the time he worked at that store.[20] Defendants claim Plaintiff was a relatively poor performer and claim that played a role in the decision to transfer him [among other F&I Producer/Managers] from the better-performing Nissan store to the lower-performing Toyota store.

Document Request 75 sought pay information for those holding the same titles as Plaintiff in approximately the same time frame as Plaintiff was employed — and for replacement employees.[21]

### J. Performance of Nissan / Toyota Stores

Document Request 51 sought performance records of the Nissan and Toyota stores.[22] This case involves an allegation that monetary guarantees were made to Plaintiff [who was paid on a commission basis] to consent to a transfer to what he feared was a lower performing store.

### K. Net Worth

Document Request 98 sought net worth information for a limited number of years.[23] Defendants objected, contending that this was post-verdict discovery. This information bears on Plaintiff's request for an award of punitive damages, which are permitted under several of Plaintiff's claims. Relevant precedent supports the discovery

---

[20] *See* Appendix p. 21.

[21] *See* Appendix p. 27.

[22] *See* Appendix p. 22.

[23] *See* Appendix p. 32.

request.[24]

L. **Fees**

Document Request 106 sought Defendants' attorneys' fee information.[25] Defendants objected. Plaintiff seeks fees in this matter and Defendants clients have declined a proposed stipulation concerning handling of all fee matters post-trial. Just last year, the Texas Supreme Court addressed recovery of fees on Texas state-law claims in *El Apple I, Ltd v. Olivas*, 370 S.W.3d 757 (2012). In his concurring opinion, Justice Hecht noted that opposing attorneys' fees are one of two "surer indicators of a reasonable fee" award.

M. **Unemployment Benefits Communication**

The document bearing Bates label DD 0067 appears to be an email string that references attachments.[26] Plaintiff requests an order compelling production of the attachments.

### IV. CONCLUSION

For all of these reasons, Plaintiff requests that this Court GRANT this motion and the relief requested. A proposed order will follow.

---

[24] *See, e.g., Equal Employment Opportunity Commission v. Klockner H&K Machines, Inc.*, 168 F.R.D. 233 (E.D. Wis. 1996).

[25] *See* Appendix p. 34.

[26] *See* Appendix p. 37.

Respectfully submitted,

s/ David L. Wiley

_____
David L. Wiley
Texas State Bar No. 24029901

Amy E. Gibson
Texas State Bar No. 00793801

**Gibson Wiley PLLC**
1700 Commerce Street, Suite 1570
Dallas, Texas 75201-5302
Telephone:  (214) 522-2121
Facsimile:  (214) 522-2126
E-Mail Addresses:

> david@gwfirm.com
> amy@gwfirm.com

ATTORNEYS FOR PLAINTIFF
CLINTON CALHOUN III

### CERTIFICATE OF CONFERENCE

The undersigned certifies that on Friday, March 29, 2013, she spoke with Tammy S. Wood, counsel for Defendants, at the oral deposition of Defendants' Human Resources Director.  Ms. Wood advised that she would not be able to confer on discovery matters until after a deposition scheduled for April 2, 2013.  Ms. Wood stated that she was opposed to a brief extension of time [4 days] to file this motion to allow time to confer.  Accordingly, the motion is presented to the Court.  Ms. Wood sent Mr. Wiley an email after I completed this certificate, with an initial response to the discovery issues.  Ms. Wood made clear that this was only an initial response and that she needed to confer with her client.  I did not see any unequivocal agreements in her email that would resolve the issues presented in this motion.  She did represent that all documents had been provided

or none existed on a few issues, but this was only an initial response without consultation with her client and not a formal document response. If any agreements are reached, of course, the parties will inform the Court.

                                           s/ Amy E. Gibson
                                           _____
                                           Amy E. Gibson

## CERTIFICATE OF SERVICE

The undersigned certifies that, on March 29, 2013, he electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the CM/ECF system, providing service copies as follows:

**VIA CM/ECF SYSTEM**

Mr. Jay M. Wallace
Ms. Tammy S. Wood
Ms. E. Adrienne Jackson
Bell Nunnally & Martin LLP
3232 McKinney Avenue, Suite 1400
Dallas, Texas 75204

                                           s/ David L. Wiley
                                           _____
                                           David L. Wiley