IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CLINTON CALHOUN III** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 3:11-cv-01824-O** |
| **DON DAVIS AUTOGROUP, INC.,** | **District Judge Reed O'Connor** |
| **DON DAVIS NISSAN, INC., and** | |
| **DON DAVIS AUTO, INC. (d/b/a** | **Magistrate Judge Renee H. Toliver** |
| **DON DAVIS TOYOTA)** | |
| **Defendants.** | **JURY DEMAND** |

---

## APPENDIX IN SUPPORT OF PLAINTIFF'S
## MOTION TO COMPEL DISCOVERY RESPONSES

---

Pursuant to Local Civil Rule 7.1(i), Plaintiff Clinton Calhoun III — through undersigned counsel — files this Appendix in Support of Plaintiff's Motion to Compel Discovery Responses, and respectfully states as follows.

# I.  INDEX OF EXHIBITS

Exhibit A       Letter from D. Wiley to T. Wood . . . . . . . . . . . . . . . . . . . . . . 1

Exhibit B       Defendants' Response to Plaintiff's
                Request for Production . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Respectfully submitted,

s/ David L. Wiley

_____

David L. Wiley
Texas State Bar No. 24029901

Amy E. Gibson
Texas State Bar No. 00793801

**Gibson Wiley PLLC**
1700 Commerce Street, Suite 1570
Dallas, Texas 75201-5302
Telephone:  (214) 522-2121
Facsimile:  (214) 522-2126
E-Mail Addresses:

> david@gwfirm.com
> amy@gwfirm.com

ATTORNEYS FOR PLAINTIFF
CLINTON CALHOUN III

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that, on March 29, 2013, he electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the CM/ECF system, providing service copies as follows:

## <u>VIA CM/ECF SYSTEM</u>

Mr. Jay M. Wallace
Ms. Tammy S. Wood
Ms. E. Adrienne Jackson
Bell Nunnally & Martin LLP
3232 McKinney Avenue, Suite 1400
Dallas, Texas 75204

s/ David L. Wiley
_____

David L. Wiley

# EXHIBIT A



**Gibson Wiley PLLC**
ATTORNEYS & COUNSELORS AT LAW

March 28, 2013

**Via Email**

Ms. Tammy S. Wood
Bell Nunnally & Martin LLP
3232 McKinney Avenue, Suite 1400
Dallas, Texas 75204
tammyw@bellnunnally.com

> **Re:**   **Case No. 3:11-cv-1824-O,**
> *Calhoun v. Don Davis Auto Group, Inc., et al.,*
> **United States District Court for the Northern District of Texas**

Dear Ms. Wood:

I write regarding your clients' document production, to request supplementation, to set a time to confer about these issues, and to propose a 3-month continuance.

Objections to Requests for Production

Defendants' objections mask whether Defendants are withholding some responsive documents pursuant to such objections. For example, Defendants make numerous "to the extent" objections, such as this one: "Don Davis objects to this Request *to the extent* it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence." Defendants couple such "to the extent" objections with "subject to and without waiving the foregoing objections, please see documents attached" language. The net effect is that we cannot reasonably determine if some responsive documents are being withheld pursuant to objections.

As just one example, consider Plaintiff's Document Request Number 1. In essence, it requests organizational charts for three entities. In response, only two organizational charts were produced. But the answer and objections are phrased such that we cannot determine whether your clients are withholding any responsive charts pursuant to an objection or not. So, in accordance with Federal Rule of Civil Procedure 34(b)(2)(C), we request that your clients supplement responses to specify the part(s) of the requests in response to which your clients are producing [or have no responsive] documents and the part(s) in response to which they are withholding responsive documents pursuant to a stated objection. For requests to which your clients had no objections and produced documents, please just confirm that all responsive documents were produced.

APPENDIX 002

Ms. Tammy Wood
March 28, 2013
Page 2 of 6

### Manager / Supervisor Manuals

Document Request Number 4 asked for manager and supervisor manuals.   It limited the request to those that applied to Plaintiff's managers.   It limited the time to those in effect since January 1, 2007 — the year in which Plaintiff first starting working for your client.   If your clients have any such manuals [we cannot determine from the response] please produce them.   If your clients have no such manuals, please have your clients confirm as much in writing.

### Employment Forms

Document Request Number 7 asked for employment forms used during Plaintiff's employment for employees in his position regarding several distinct topics — such as terminations, vacation requests, etc.   The only such form produced was a separation form. Former General Manager Steve Massey testified that Don Davis Toyota used forms for vacation requests.   Please have your clients either produce the other forms requested or confirm in writing that there are no other forms.

### Job Descriptions

Document Request Numbers 9, 10 and 11 asked for job descriptions of two of Plaintiff's bosses and the HR personnel responsible for employees at the dealerships [Plaintiff worked at two of those dealerships].   We think this is basic background information that is discoverable.   In addition, one way in which courts may find pretext for unlawful employment discrimination is a failure to follow policies and procedures. Job descriptions, in addition to containing policies or procedures themselves, may highlight how policies and procedures are implemented.   We think the requests contained sufficient limitations — two of Plaintiff's bosses and HR personnel responsible for employees.   We urge your clients to reconsider their stance on these requests and ask that they produce any responsive documents.

### Personnel Files of Those Involved in Decision

Document Request Numbers 13 and 14 asked for personnel files of two of Plaintiff's bosses and those involved in any decision to terminate Plaintiff.   One of those bosses, Mr. McWhorter, held the same position as Plaintiff [F&I Director] and so, is a potential comparator.   There is precedent requiring production of such personnel files.[1] We urge your clients to reconsider their stance on these requests and ask that they produce any responsive documents — I note that your clients produced some personnel records for Mr. McWhorter [DD 0260 to 0274].   But we cannot determine if the

---

[1]      *See, e.g., Coughlin v. Lee*, 946 F.2d 1152 (5th Cir. 1991) (district court abused discretion in not permitting discovery of personnel files of potential comparators) and *Moss v. Blue Cross and Blue Shield, Inc.*, 241 F.R.D. 683, 698 (D. Kan. 2007) ("[G]enerally an individual's personnel file is relevant and/or reasonably calculated to lead to the discovery of admissible evidence, and therefore discoverable, if the individual is alleged to have engaged in the retaliation or discrimination at issue or to have played an important role in the decision or incident that gives rise to the lawsuit.") (internal quotation marks and citation omitted)).

APPENDIX 003

Ms. Tammy Wood
March 28, 2013
Page 3 of 6

production is complete or, if narrowed, how it is narrowed.  Further, we agree to narrow these requests to exclude medical / health records.

### Personnel Files of Replacements

Document Request Numbers 25 and 26 asked for personnel files of the persons who replaced Plaintiff in his F&I Producer and F&I Director positions.  Similarly, Document Request Numbers 76 and 84 asks for documents concerning the hiring of replacements.  Your clients limited their written response to production of replacements *only* at the Toyota store — ostensibly refusing to produce such files for replacement at the Nissan store at which Plaintiff worked.  Plaintiff's claims here include the transfer from the Nissan store to the Toyota store.  Accordingly, we urge your clients to reconsider their stance on these requests and ask that they produce any responsive documents concerning Plaintiff's replacement(s) at the Nissan store as well.

Further, although your clients stated that they would produce responsive documents concerning replacement(s) at the Toyota store pending issuance of an agreed protective order, the only such personnel files produced were for Shaneela Farhataziz [DD 0288 to 0297].  For her personnel file, we cannot determine if the production is complete or, if narrowed, how it is narrowed.  Moreover, no other replacement personnel files were produced.  Yet, Mr. Massey testified that two people were promoted into F&I producer position(s) after Plaintiff's employment ended.  Please have your clients supplement to include these personnel files.  We agree to narrow these requests to exclude medical / health records.

### Certain Complaints re:  Steve Massey

Document Request Number 17 asked for, in essence, certain types of complaints against Steve Massey — a decision-maker in this case.  Your clients limited its response to "issues of race, age, and/or retaliation."  One of the claims in this is for breach of contract.  Another is for fraud.  Accordingly, we request that your clients expand its limitations to include these topics referenced in the request itself:  Complaints of promises that he made to employees but did not keep; Complaints that Mr. Massey lied to the employee; Complaints that Mr. Massey had not paid the employee what had been promised to the employee; and Complaints of fraud.

Document Request Number 18 asked for investigatory notes concerning such complaints.  Document Request Number 19 asked for writings regarding disciplinary actions arising from such complaints.  We urge your clients to reconsider their stance on this request and ask that they produce any responsive documents.

### Leave / Vacation Requests

Document Request Number 45 asked for written leave requests and written approvals / denials of such requests.  Your clients responded that any such documents would be in Plaintiff's personnel file [DD 0066 to 0171].  But no such documents appear

Ms. Tammy Wood
March 28, 2013
Page 4 of 6

to be contained in Plaintiff's personnel file. Moreover, Mr. Massey testified that Mr. Calhoun gave him a written vacation request: He testified that he does not know what he did with it. Please have your clients confirm in writing whether any responsive documents exist and if so, produce them.

Document Request Numbers 47 and 48 ask for leave records for other persons holding the same positions as Plaintiff in approximately the same time frame as Plaintiff worked for your clients. We believe such records are discoverable. This case involves an allegation that Plaintiff was terminated for "job abandonment" following his request to take vacation leave. How your clients handled leave requests of other employees — in the same jobs during approximately the same time frame — may provide comparator evidence showing pretext. Accordingly, we urge your clients to reconsider their stance on these requests and ask that they produce any responsive documents

### Performance and Pay of Other Finance Managers / Directors

Document Request Number 49 asks for performance records other F&I Producers / Managers at the Nissan store where Plaintiff worked in approximately the time he worked at that store. Your clients have alleged that Plaintiff's relatively-poorer performance played a role in the decision to transfer him [among other F&I Producer / Managers] from the better-performing Nissan store to the lower-performing Toyota store. We believe the applicable rules permit us to discover how Plaintiff's performance compared with others who were not selected to be transferred. Accordingly, we urge your clients to reconsider their stance on these requests and ask that they produce any responsive documents.

Document Request Number 75 asks for pay information for those holding the same titles as Plaintiff in approximately the same time frame as Plaintiff was employed — and for replacement employees. We believe that in a discrimination case, Plaintiff is entitled to discover if he was treated differently than other potential comparators in terms of his pay. So, we urge your clients to reconsider their stance on these requests and ask that they produce any responsive documents.

### Performance of Nissan / Toyota Stores

Document Request Number 51 asks for performance records of the Nissan and Toyota stores. This case involves an allegation that monetary guarantees were made to Plaintiff [who was paid on a commission basis] to entice him to consent to a transfer to what he feared was a lower performing store. We believe this discovery will show that his fear was correct. Accordingly, we urge your clients to reconsider their stance on this request and ask that they produce any responsive documents.

### Net Worth

Document Request Number 98 asks for net worth information of your clients for a limited number of years. Your clients object, contending that this is "post verdict"

Ms. Tammy Wood
March 28, 2013
Page 5 of 6

discovery. We believe this information is discoverable as it bears on Plaintiff's request for an award of punitive damages which are permitted under several of Plaintiff's claims. We believe relevant precedent supports our position.[2] Accordingly, we urge your clients to reconsider their stance on this request and ask that they produce any responsive documents.

### Fees

Document Request Number 106 asks for your clients' attorneys' fee bills. Your clients object. Plaintiff seeks fees in this matter and your clients have declined a stipulation concerning handling of all fee matters post-trial. Just last year, the Texas Supreme Court addressed recovery of fees on Texas state-law claims in *El Apple I, Ltd v. Olivas*, 370 S.W.3d 757 (2012). In his concurring opinion, Justice Hecht noted that opposing attorneys' fees are one of two "surer indicators of a reasonable fee" award. For similar reasons, we urge your clients to reconsider their stance on this request and ask that they produce any responsive documents. Or, alternatively, reconsider our proposed stipulation concerning handling of all fee issues post-trial.

### Unemployment Benefits Communication

The document bearing Bates label DD 0067 appears to be an email string communication between your client and your client's outside vendor for handling unemployment claims. The email appears to be between Ashley Nollie [of Corporate Cost Control, Inc.] and Aaron Noce [of Don Davis Auto Group, Inc.], with others copied on the email. Both emails appear to make reference to attachments. The email from Ms. Nollie references an "attached separation notice." The response email from Mr. Noce states, "Here is the response for Clinton Calhoun III, as well as his separation notice." The attachments are not included in the production with the email — a separate "Separation Notice" is included in Mr. Calhoun's personnel file, but it may not be the same one appended to the emails referenced. Please provide all of the attachments that accompanied these emails.

### Request for Conference and Continuance

We would like to confer with you concerning these issues. Also, we intend to request a 3-month extension / continuance of all remaining deadlines [including the discovery deadline and trial] so the parties may work through remaining discovery issues. Please contact me to discuss that issue as well or let me know if you intend to oppose such a request.

---

[2]     *See, e.g., Equal Employment Opportunity Commission v. Klockner H&K Machines, Inc.*, 168 F.R.D. 233 (E.D. Wis. 1996).

Ms. Tammy Wood
March 28, 2013
Page 6 of 6

We look forward to hearing from you soon.

Sincerely,

David L. Wiley

# EXHIBIT B

RECEIVED NOV 2 3 2011

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **CLINTON CALHOUN, III,** | § |
| **Plaintiff,** | § |
| | § |
| **v.** | § |
| | § **Civil Action No. 3:11-cv-01824-O** |
| **DON DAVIS AUTO GROUP, INC.,** | § |
| **DON DAVIS NISSAN, INC., AND** | § |
| **DON DAVIS AUTO, INC. d/b/a** | § |
| **DON DAVIS TOYOTA,** | § |
| **Defendants.** | § |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION

**TO:** Plaintiff, Clinton Calhoun, III, by and through his attorney of record, Janette Johnson, Law Offices of Janette Johnson, 2601 Welborn Street, Dallas, TX 75219:

**COMES NOW** Defendant Don Davis Auto Group, Inc., Don Davis Nissan, Inc. and Don

Davis Auto, Inc. d/b/a Don Davis Toyota (collectively "Don Davis"),and submits its *Response to*

*Plaintiff's Request for Production of Documents* pursuant to Rules 6(d) and 34 of the Federal

Rules of Civil Procedure.

Respectfully submitted,

**GIBSON, McCLURE & WALLACE, L.L.P.**

By: _____

Jay M. Wallace
State Bar No. 20769200
E. Adrienne Jackson
State Bar No. 24058795
Michael L. Baum
State Bar No. 24006815
8080 North Central Expressway
Suite 1300, L.B. 50
Dallas, TX 75206
Tel: 214/891-8040
Fax: 214/891-8019
*Counsel for Defendants*

APPENDIX 009

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the __18th__ day of November, 2011, a true and correct copy of the foregoing document has been sent to counsel of record as follows:

Janette Johnson
Law Offices of Janette Johnson
2601 Welborn Street
Dallas, TX 75219
*Via Certified Mail*

E. Adrienne Jackson

## RESPONSE TO REQUEST FOR PRODUCTION

1.      Provide all documents which reflect the organizational structure of Don Davis Auto Group, Inc., Don Davis Nissan, Inc, and Don Davis Auto, Inc. d/b/a Don Davis Toyota (herein "Don Davis") since January 1, 2010 including documents which reflect which entity employed Clinton Calhoun.

### RESPONSE:

**Don Davis objects to this Request to the extent it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection and as of July 8, 2010, please see documents attached to this Response, bates-stamped DD 0172 – DD 0173.**

2.      Provide all documents which reflect the dates of employment of Calhoun with any of the following entities: Don Davis Auto Group, Inc., Don Davis Nissan, Inc, and Don Davis Auto, Inc. d/b/a Don Davis Toyota.

### RESPONSE:

**Don Davis objects to this Request to the extent it seeks "all documents" as overly broad. Subject to and without waiving the foregoing objection, please see documents previously produced, bates-stamped DD 0066 – DD 0171.**

3.      Provide all employee handbooks and personnel manuals of Don Davis applicable to employees such as Clinton Calhoun which have been in effect at any time since January 1, 2007.

### RESPONSE:

**Don Davis objects to this Request to the extent it is not reasonably limited in time or scope. Subject to and without waiving the foregoing objection and as to the handbook relative to Calhoun and at the time of Calhoun's termination, please see documents previously produced, bates-stamped DD 0022 – DD 0065.**

4.      Provide all supervisor manuals or manager manuals applicable to any manager or any supervisor of Calhoun which have been in effect at Don Davis at any time since January 1, 2007.

### RESPONSE:

**Don Davis objects to this Request to the extent it is not reasonably limited in time or scope. Subject to and without waiving the foregoing objection and as to the handbook relative to Calhoun and at the time of Calhoun's termination, please see documents previously produced, bates-stamped DD 0022 – DD 0065.**

5.      Provide documents reflecting employment policies and procedures of Don Davis that were in effect at any time during Calhoun's employment, including all policies and procedures regarding: (a) equal employment and opportunity, discrimination and/or retaliation; (b) training

APPENDIX 011

of employees regarding equal employment opportunity discrimination complaints and investigation of such complaints; (c) the Employee Hotline and use of the Employee Hotline.

**RESPONSE:**
**Please see documents previously produced, bates-stamped DD 0022 – DD 0065.**

6.    Provide documents reflecting employment policies and procedures of Don Davis that were in effect at any time during Calhoun's employment, including all policies and procedures regarding: (a) all vacation policies, leave accrual policies, leave taking policies, and/or absence and/or tardiness policies and/or absentee policy; (b) employee discipline; (c) evaluation of job performance of employees, including performance evaluation reviews, job evaluations and development action plans; (d) termination of employees including grounds for termination and termination procedures.

**RESPONSE:**
**Please see documents previously produced, bates-stamped DD 0022 – DD 0065.**

7.    Provide a copy of all forms Don Davis used during Calhoun's employment for employees in Calhoun's position regarding: (a) evaluation of job performance; (b) the use of or grant of leave of any kind; (c) vacation slips or forms; (d) use for recording absences and/or tardiness; (e) discipline including verbal or written writeups; (f) suspensions; (g) job abandonment; and (f) termination.

**RESPONSE:**
**Please see documents attached to this Response, bates-stamped DD 0174.**

8.    Provide all job descriptions or other documents specifying job requirements for each position held by Calhoun.

**RESPONSE:**
**Please job descriptions included in Calhoun's personnel file attached hereto, previously produced and bates-stamped DD 0066 – DD 0171; see also job description for Finance Director attached hereto, bates-stamped DD 0175 – DD 0177.**

9.    Provide all job descriptions or other documents specifying job requirements for the position held by any Human Resources person responsible for the employees of any of the Don Davis automobile dealerships.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.**

Defendant's Response to Plaintiff's Request for Production                                    Page 4

10.     Provide all job descriptions or other documents specifying job requirements for each position held by Steve Massey.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.**

11.     Provide all job descriptions or other documents specifying job requirements for each position held by Marc McWhorter.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.**

12.     Provide the complete personnel file of Clinton Calhoun, including personnel files from his other employers, if any.

**RESPONSE:**
**Please see documents previously produced, bates-stamped DD 0066 – DD 0171.  As to other employers, none at this time; however, Don Davis will timely supplement.**

13.     Provide the complete personnel file of all employees who were consulted, recommended, who had input into, and/or who made the final the decision of whether to terminate Calhoun.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Don Davis further objects to this Request to the extent it seeks to invade the privacy rights of individuals not a party to this lawsuit.**

14.     Provide the complete personnel file of: (a) Marc McWhorter; and (b) Steve Massey and or any other supervisor or manager of Clinton Calhoun at Don Davis.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Don Davis further objects to this Request to the extent it seeks to invade the privacy rights of individuals not a party to this lawsuit.**

15. Provide all charges of discrimination and/or retaliation that any employee has filed with either the EEOC or other state fair employment practices office against Don Davis since January 1, 2006.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection and as to any race and/or age discrimination charges filed since 2006, Don Davis will produce responsive documents upon execution of an Agreed Protective Order.**

16. Provide all documents including all reports, notes and emails, relating to any investigation of accusations of discrimination, retaliation discrimination or harassment by any current or former employee, supervisor or manager of Don Davis since January 1, 2006 including all documents relating to reports to the Auto HR employee hotline and all other complaints, the investigation including all document and notes of the person conducting the investigation; documents and notes relating to all persons contacted during the investigation and all documents and notes describing all results of the investigation, including any determinations made regarding the truth or falsity of the allegations.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.**

17. Provide all documents including all reports, notes and emails, relating to any complaints by any current or former employee, supervisor or manager of Don Davis since January 1, 2006 against Steve Massey including all reports to the Auto HR employee hotline and including any and all (1) complaints of promises that he made to employees but did not keep; (2) complaints of mistreatment; (3) complaints that Massey had lied to the employee; (4) complaints that Massey had not paid the employee what had been promised to the employee; (5) complaints of fraud; and/or (6) complaints that Massey had treated the employee poorly, unfairly or discriminatorily.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection and as to complaints involving issues of race, age, and/or retaliation, none.**

18. For each complaint identified and/or provided in Response to Request Nos. 16 or 17, provide any and all documents relating to the investigation of any such complaint including all document and notes of the person conducting the investigation; documents and notes relating to all persons contacted during the investigation and all documents and notes describing all results of the investigation, including any determinations made regarding the truth or falsity of the allegations.

**RESPONSE:**

**Don Davis objects to this Request to the extent it vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.**

19. For the period January 1, 2006 to the present, provide documents relating to any disciplinary action, reprimand or admonishment administered to any current or former employee, supervisor or manager of Don Davis including but not limited to Steve Massey as a result of any complaint identified and/or provided in Response to Request Nos. 16 or 17 and/or complaints of discrimination and/or retaliation and/or harassment since January 1, 2006.

**RESPONSE:**

**Don Davis objects to this Request to the extent it overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection and as to any allegations or complaints of race and/or age discrimination, none.**

20. For the period January 1, 2006 to the present, provide documents relating to any disciplinary action, reprimand or admonishment or discharge of Steve Massey and all documents that reflect the reason/s for the action taken.

**RESPONSE:**

**See Don Davis' Response to Request for Production No. 19.**

21. Provide the complete file of all current or former employees of Don Davis who have filed charges of discrimination or retaliation or harassment with any state fair employment practices office, or EEOC naming Don Davis, since January 1, 2006, or who have complained internally to Don Davis relating to discrimination or retaliation.

**RESPONSE:**

**Don Davis objects to this Request to the extent it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Don Davis further objects to this Request to the extent it seeks to invade the privacy rights of individuals not a party to this lawsuit.**

22. For the period January 1, 2006 to the present, provide all complaints or petitions for lawsuits filed by any current or former employee of Don Davis alleging violation of state or federal anti-discrimination employment statutes.

**RESPONSE:**

**Don Davis objects to this Request to the extent it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection and as to Don Davis Nissan and Don Davis Toyota with respect to any complaints related to age, race, and/or retaliation from January 1, 2006 to July 8, 2010, please see documents attached to this Response and bates-stamped DD 0178 – DD 0180.**

23.    For the period January 1, 2006 to the present, provide all complaints or petitions for lawsuits filed against Don Davis or any of its managers or supervisors for contract claims and/or claims of fraud.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, none.**

24.    Provide the complete personnel file of (1) Bryan Thompson; (2) Shenila LNU.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Don Davis further objects to this Request to the extent it is seeks to invade the privacy rights of individuals not a party to this lawsuit. Subject to and without waiving the foregoing objection and as to Shaneela Farhataziz who replace Calhoun as F&I Producer as Don Davis Toyota, Don Davis will produce responsive documents upon execution of an Agreed Protective Order.**

25.    For each F & I Producer position held by Calhoun, provide the complete personnel file of the person(s) who replaced Calhoun, or assumed any of his job duties.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Don Davis further objects to this Request to the extent it seeks to invade the privacy rights of individuals not a party to this lawsuit. Subject to and without waiving the foregoing objection and as to the individual who replaced Calhoun as F & I Producer at Don Davis Toyota when he was transferred to the F & I Director position, Don Davis will produce responsive documents upon execution of an Agreed Protective Order.**

26.    For each Finance Director position held by Calhoun, provide the complete personnel file of the person(s) who replaced Calhoun, or assumed any of his job duties.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Don Davis further objects to this Request to the extent it seeks to invade the privacy rights of individuals not a party to this lawsuit. Subject to and without waiving the foregoing objection and as to the individual who replace Calhoun as the Finance Director at Don Davis Toyota, Don Davis will produce responsive documents upon execution of an Agreed Protective Order.**

Defendant's Response to Plaintiff's Request for Production                                    Page 8

APPENDIX 016

27.     For the period January 1, 2006 to the present, provide all documents including all statements, reports, notes and/or emails sent to or from any supervisor or manager including any Human Resources personnel relating to complaints of any employee at Don Davis including Calhoun relating to mistreatment, and/or harassment and/or discrimination and/or retaliation and/or relating to the employee's opposition to conduct that he believed constituted discrimination, harassment and/or retaliation.

**RESPONSE:**

**Don Davis objects to this Request to the extent it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.**

28.     For each position held by Clinton Calhoun, provide all compensation related documents including all w-2 forms relating to Calhoun including all compensation plans, compensation agreements or contracts of any nature entered into between Calhoun and Don Davis and documents relating to all wage, commission and compensation pool payments he was entitled to, and all wage and commission payments actually received and/or any other methods of additional compensation for leasing agents such as Calhoun.

**RESPONSE:**

**Don Davis objects to this Request to the extent it is vague, ambiguous, and overly broad. Subject to and without waiving the foregoing objection, please see documents previously produced, bates-stamped DD 0066 – DD 0171. Further subject to and without waiving the foregoing objection, please see documents attached to this Response, bates-stamped DD 0181 – DD 0202.**

29.     For the period of time from January 1, 2006 to the present, fully identify each and every F & I producer employed at Don Davis, the age and race of such person, the dates of their employment and provide documents including W-2 forms indicating the income earned of each such employee for each year employed.

**RESPONSE:**

**Don Davis objects to this Request to the extent it seeks to invade the privacy rights of individuals not a party to this lawsuit. Don Davis further objects to this Request to the extent it is overly broad (particularly given this information is more properly obtained through an Interrogatory) and not reasonably calculated to lead to the discovery of admissible evidence.**

30.     For the period of time from January 1, 2006 to the present, fully identify each and every Finance Director employed at Don Davis, the age and race of such person, the dates of their employment and provide documents including W-2 forms indicating the income earned of each such employee for each year employed.

**RESPONSE:**

**Don Davis objects to this Request to the extent it seeks to invade the privacy rights of individuals not a party to this lawsuit. Don Davis further objects to this Request to the**

APPENDIX 017

extent it is overly broad (particularly given this information is more properly obtained through an Interrogatory) and not reasonably calculated to lead to the discovery of admissible evidence.

31. Provide all documents which refer or relate to the physical characteristics, habits, limitations, personality or character of Calhoun.

#### RESPONSE:
Don Davis objects to this Request to the extent it is vague and ambiguous. Subject to and without waiving the foregoing objection, any such documents would be contained in Calhoun's personnel file previously produced, bates-stamped DD 0066 – DD 0171.

32. Provide all photographs, negatives, slides, videotapes, audiotapes, or other digital images or graphic representation, which depict or portray Calhoun.

#### RESPONSE:
None.

33. Provide all recordings made by any supervisor or manager or employee of Don Davis, whether digital, taped, or on cd's or any other medium relating to conversations with Calhoun and/or conversations relating to Calhoun and/or his employment at Don Davis.

#### RESPONSE:
None.

34. Provide all documents including all written statements which Don Davis believes constitute evidence of an admission or statement against interest by Calhoun.

#### RESPONSE:
None other than Calhoun's deposition, which is expected to be taken in the future.

35. Provide all documents including all written statements which Don Davis believes constitute evidence of an admission or statement in this case against (1) Marc McWhorter; and/or (2) Steve Massey and/or any other manager or supervisor.

#### RESPONSE:
None.

36. Provide all written statements and all emails made by any potential witness including Calhoun, and/or by any person identified by either party as a person with knowledge in this litigation relating to any issue in this litigation.

Defendant's Response to Plaintiff's Request for Production                                  Page 10

**RESPONSE:**

**Don Davis objects to this Request to the extent it is vague, ambiguous, and overly broad. Subject to and without waiving the foregoing objection, Don Davis will produce any such documents it intends to introduce as evidence at trial.**

37.   Provide all records relating to Calhoun or documents obtained through use of open record requests, written depositions or subpoenas duces tecum in the possession of Don Davis, or any of its agents, and all records voluntarily provided or accessible to Defendant by third parties relating to Calhoun.

**RESPONSE:**

**Don Davis objects to this Request to the extent it is vague, ambiguous, and overly broad. Subject to and without waiving the foregoing objection, please see Calhoun's personnel file previously produced, bates-stamped DD 0066 – DD 0171. Further subject to and without waiving the foregoing objection, Don Davis will produce a copy of any records obtained through an authorization signed by Calhoun.**

38.   Provide all documents relating to awards, commendations, compliments, accolades, praise or other positive comments relating to Calhoun's job performance.

**RESPONSE:**

**Any such documents would be contained in Calhoun's personnel file previously produced, bates-stamped DD 0066 – DD 0171.**

39.   Provide all records of perceived deficiencies in the job performance of Calhoun, if any, including but not limited to: notes of conversations with Calhoun relating to alleged deficient performance; write-ups or reprimands; notes or communications relating to alleged problems, communications between Calhoun's supervisors relating to alleged deficient performance; the specific areas in which Calhoun was allegedly deficient; and all documents Don Davis contends show the alleged deficiencies.

**RESPONSE:**

**Please see documents attached to this Response, bates-stamped DD 0203 – DD 0205.**

40.   Provide all records of any complaints to any manager or supervisory employee by any employee, agent, or client of Don Davis, relating to Calhoun in any way including any alleged performance deficiencies of Calhoun.

**RESPONSE:**

**Any such documents would be contained in Calhoun's personnel file previously produced, bates-stamped DD 0066 – DD 0171.**

41.     Provide all documents generated by any supervisor or manager at Don Davis, including all e-mails, notes, memos or other documents relating to any actions taken to counselor or discipline Calhoun during his employment, including but not limited to: guidelines, statements and/or specific targets concerning necessary areas of job improvement; documents relating to any meeting wherein Calhoun was advised of alleged performance deficiencies and advised of any timetable for fixing alleged deficiencies; and any oral warnings, written warnings and/or recommendation of layoff or termination.

**RESPONSE:**

**Any such documents would be contained in Calhoun's personnel file previously produced, bates-stamped DD 0066 – DD 0171.**

42.     Provide all documents relating to job evaluations and reviews of Calhoun's job performance, whether informal or formal, including but not limited to recommendations, writeups; self evaluations and self-assessments; performance reviews; year end reviews; project reviews; and comments prepared by any employee, supervisor, or human resources official relating to Calhoun, the work performance of Calhoun, or the rating or evaluation of Calhoun performed by any supervisor at Don Davis.

**RESPONSE:**

**Any such documents would be contained in Calhoun's personnel file previously produced, bates-stamped DD 0066 – DD 0171.**

43.     Provide all documents reflecting requests to any employee, agent, or manager of Don Davis to: monitor the work performance of Calhoun, report on the work performance of Calhoun; and/or report on perceived deficiencies in the job performance of Calhoun, at any time since July 2009.

**RESPONSE:**

**None.**

44.     Provide all documents relating to actual monitoring or surveillance of the work performance of Calhoun, at any time since July 2009.

**RESPONSE:**

**Please see documents attached to this Response, bates-stamped DD 0205.**

45.     Provide all documents reflecting each request by Clinton Calhoun to take leave and/or vacation at any time during his employment including all vacation slips and all documents relating to the grant or denial of any such request.

**RESPONSE:**

**Any such documents would be contained in Calhoun's personnel file previously produced, bates-stamped DD 0066 – DD 0171.**

46.     Provide all documents reflecting the amount of leave time - whether sick or vacation or personal time - that Clinton Calhoun had accrued at the time of his separation or discharge.

**RESPONSE:**
**Please see Don Davis Auto Group Employee Handbook previously produced, bates-stamped DD 0022 – DD 0065.**

47.     For the period of time from January 1, 2006 to the present, provide all documents reflecting the leave record of each F & I Producer and each Finance Director employed at any of the Don Davis dealerships.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and is nothing more than a fishing expedition.**

48.     For the period of time from January 1, 2006 to the present, provide all documents reflecting denial of vacation leave for any F & I Producer and/or Finance Director employed at any of the Don Davis dealerships.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and is nothing more than a fishing expedition.**

49.     For the period of time from January 1, 2006 to the present provide all records with respect to the performance of Finance Managers and/or F & I Producers at Don Davis Nissan, Inc. including but not limited to the records of Clinton Calhoun, Bryan Thompson, and any other persons who have held this position.

**RESPONSE:**
**Don Davis objects to this Request to the extent it overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it invades the privacy rights of individuals not a party to this lawsuit. Subject to and without waiving the foregoing objection and with respect to Calhoun, any such documents would be contained in his personnel file previously produced, bate-stamped DD 0066 – DD 0171.**

50.     For the period of time from January 1, 2006 to the present provide all records with respect to the performance of Finance Directors at Don Davis Nissan, Inc. including but not limited to the records of Clinton Calhoun, Bryan Thompson, and any other persons who have held this position.

**RESPONSE:**

**Don Davis objects to this Request to the extent it overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it invades the privacy rights of individuals not a party to this lawsuit. Subject to and without waiving the foregoing objection and with respect to Calhoun, any such documents would be contained in his personnel file previously produced, bates-stamped DD 0066 – DD 0171.**

51.    For the period January 1, 2009 to the present, provide records to indicate the performance of each of the Don Davis dealership and the ranking of the dealerships by performance.

**RESPONSE:**

**Don Davis objects to this Request to the extent it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and is nothing more than a fishing expedition.**

52.    Provide all records with respect to each and every reason that Clinton Calhoun was transferred to the position of Finance Manager or F & I Producer at Don Davis Toyota in Arlington in August of 2009.

**RESPONSE:**

**Any such documents would be contained in his personnel file previously produced, bates-stamped DD 0066 – DD 0171.**

53.    Provide all records with respect to each and every reason that Marc McWhorter was transferred to the position of Finance Director at Don Davis Toyota in Arlington in August of 2009.

**RESPONSE:**

**Don Davis objects to this Request to the extent it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and invades the privacy rights of individuals not a party to this lawsuit.**

54.    Provide all records with respect to each and every reason that Brendan Porter was transferred to the position of New Car Director at Don Davis Toyota in Arlington in August of 2009.

**RESPONSE:**

**Don Davis objects to this Request to the extent it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and invades the privacy rights of individuals not a party to this lawsuit.**

APPENDIX 022

55.     For the period of time from January 1, 2007 to the present, provide all documents including all email correspondence, all memos to file, all paychecks and all other documents relating to any and all salary and/or performance guarantees and/or promises made by Jason Barley and/or Steve Massey to Clinton Calhoun.

**RESPONSE:**
**None; no such promises or guarantees were made.**

56.     For the period of time from January 1, 2007 to the present, provide all documents including all email correspondence, all memos to file, all paychecks and all other documents relating to any and all salary and/or performance guarantees given to each Finance Director, including but not limited to Marc McWhorter, at Don Davis Toyota in Arlington.

**RESPONSE:**
**None; no such promises or guarantees were made.**

57.     For the period of time from January 1, 2007 to the present, provide all documents including all email correspondence, all memos to file, all paychecks and all other documents relating to any and all salary and/or performance guarantees given to each F & I Producer or Manager including but not limited to Clinton Calhoun at Don Davis Toyota in Arlington.

**RESPONSE:**
**None; no such promises or guarantees were made.**

58.     For the period January 1, 2007 to the present, for each of the Don Davis dealerships, provide records that identify the individuals (including their age and race) who held the following positions: (1) New Car Director; (2) Used Car Director; (3) Finance Director; (4) Finance Manager or F & I Producer; (5) Service Director.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad (particularly given such information is more properly obtained with an Interrogatory), not reasonably calculated to lead to the discovery of admissible evidence, and is nothing more than a fishing expedition.**

59.     For the period of time from January 1, 2006 to the present provide all records with respect to the tenure and performance of permanent or acting Finance Managers and/or F & I Producers at Don Davis Auto, Inc. d/b/a Don Davis Toyota including but not limited to the records of Clinton Calhoun, Sheila (Last name unknown) and any other persons who have held this position.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and is nothing more than a fishing expedition.**

APPENDIX 023

60. For the period of time from January 1, 2006 to the present provide all records with respect to the tenure and performance of permanent or acting Finance Directors at Don Davis Auto, Inc. d/b/a Don Davis Toyota including but not limited to the records of Clinton Calhoun and any other persons who have held this position.

**RESPONSE:**
**Don Davis objects to this Request to the extent it overly broad and not reasonably calculated to lead to the discovery of admissible evidence as it invades the privacy rights of individuals not a party to this lawsuit. Subject to and without waiving the foregoing objection and with respect to Calhoun, any such documents would be contained in his personnel file previously produced, bates-stamped DD 0066 – DD 0171.**

61. Provide the phone records for the cell phone and business phone used by Steve Massey in July of 2010 and provide all documents relating to all calls made to Clinton Calhoun from Steve Massey in July of 2010 and all calls made by Clinton Calhoun to any manager at the dealership including Steve Massey and/or Mike Logan.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad. Subject to and without waiving the foregoing objection and as to phone calls Massey made to Calhoun, Massey did not have a company cell phone; therefore, none.**

62. Provide all documents including all statements, reports, notes and/or emails sent to or from (any Human Resources personnel; and/or any other supervisor or manager of Don Davis to or from any other person relating to Calhoun including all e-mails, relating to any actions taken to notify or warn managers, supervisors and/or employees that Calhoun was asserting his rights under discrimination statutes or relating to instructions relating to contacting Calhoun or cooperating with Calhoun in his EEOC charge and/or his lawsuit.

**RESPONSE:**
**Don Davis objects to the portion of this Request seeking all such documents "relating to Calhoun" as vague, ambiguous, and overly broad. Subject to and without waiving the foregoing objection and as to all such documents referencing Calhoun, none.**

63. Provide all documents including all emails related to the decision to assign Calhoun to the position of Finance Director at Don Davis Auto, Inc. d/b/a Don Davis Toyota including but not limited to all: documents indicating persons who were consulted, recommended or otherwise had input into the decision; documents relating to the time when this decision was made; notes of meetings, letters, correspondence, or memoranda relating to the decision; and documents relied on in making the decision and/or any and all reasons for the decision.

**RESPONSE:**

**Any such documents would be contained in Calhoun's personnel file previously produced, bates-stamped DD 0066 – DD 0171.**

64.     Provide all documents including all emails relating to each and every alleged reason for the decision to assign Calhoun from the position of Finance Director at Don Davis Auto, Inc. d/b/a Don Davis Toyota.

**RESPONSE:**

**Any such documents would be contained in Calhoun's personnel file previously produced, bates-stamped DD 0066 – DD 0171.**

65.     Provide all documents including all emails related to the decision to remove Calhoun from the position of Finance Director at Don Davis Auto, Inc. d/b/a Don Davis Toyota including but not limited to all: documents indicating persons who were consulted, recommended or otherwise had input into the decision; documents relating to the time when this decision was made; notes of meetings, letters, correspondence, or memoranda relating to the decision; and documents relied on in making the decision and/or any and all reasons for the decision.

**RESPONSE:**

**Please see documents attached to this Response, bates-stamped DD 0203 – DD 0205.**

66.     Provide all documents including all emails relating to each and every alleged reason for the decision to remove Calhoun from the position of Finance Director at Don Davis Auto, Inc. d/b/a Don Davis Toyota.

**RESPONSE:**

**Please see documents attached to this Response, bates-stamped DD 0203 – DD 0205.**

67.     For the period of time from January 1, 2009 to the present, provide all documents including all emails, memos or directives to any manager including Steve Massey to reduce costs at Don Davis Auto, Inc. d/b/a Don Davis Toyota.

**RESPONSE:**

**Don Davis objects to this Request to the extent it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and assumes facts not in evidence.**

68.     For each month from January 1, 2009 to the present, provide all documents indicating the average gross profit per car sale at Don Davis Auto, Inc. d/b/a Don Davis Toyota.

APPENDIX 025

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad and not reasonably limited in time. Subject to and without waiving the foregoing objection and for the time period January 1, 2009 – July 9, 2010, please see documents attached to this Response, bates-stamped DD 0203 – DD 0205.**

69. For the period of time from January 1, 2009 to the present, provide all documents including all emails, memos or directives to any manager including Steve Massey relating to the hire or denial of hiring authority for a Finance Director or an F & I Producer at Don Davis Auto, Inc. d/b/a Don Davis Toyota.

**RESPONSE:**
**Please see F&I Producer Job Description contained in Calhoun's personnel file previously produced, bates-stamped DD 0079 – DD 0080. See also Finance Director Job Description attached hereto, bates-stamped DD 0175 – DD 0177.**

70. Provide all documents including all emails related to the decision to terminate or separate the employment of Calhoun, including but not limited to all: documents indicating persons who were consulted, recommended or otherwise had input into the termination or separation; documents relating to the time when this decision was made; notes of meetings, letters, correspondence, or memoranda relating to the decision; and documents relied on in making the decision.

**RESPONSE:**
**Any such documents would be contained in Calhoun's personnel file previously produced, bates-stamped DD 0066 – DD 0171.**

71. Provide all documents including all emails relating to each and every alleged reason for the separation of employment of Calhoun.

**RESPONSE:**
**Any such documents would be contained in Calhoun's personnel file previously produced, bates-stamped DD 0066 – DD 0171.**

72. For the period of time from January 1,2007 to the present, provide the complete personnel file of all current or former managers of Don Davis Auto Group including (1) New Car Director; (2) Used Car Director; (3) Finance Director; (4) Finance Manager or F & I Producer; (5) Service Director in which the employee's absenteeism, tardiness or excessive leave time played any role in their discharge and provide all documents relating to the absenteeism or excessive leave time of such employee.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and is nothing more than a fishing expedition. Don Davis further objects to this Request to the extent it seeks to invade the privacy rights of individuals not a party to this lawsuit.**

73.     For the period January 1, 2007 to the present, provide the complete personnel file of each person employed as a temporary and/or permanent employee as a Finance Director, Finance Manager and/or F & I Producer at Don Davis Nissan Inc. including but not limited to Horatio LNU, Jesse LNU, Bryan Thompson and any and all other persons in any of those roles after the transfer of Calhoun including all documents that reflect the age and race of such persons.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and is nothing more than a fishing expedition. Don Davis further objects to this Request to the extent it seeks to invade the privacy rights of individuals not a party to this lawsuit.**

74.     For the period January 1, 2007 to the present, provide all W-2, 1099 and monthly commission worksheets for each person employed as a temporary and/or permanent employee as a Finance Director, Finance Manager and/or F & I Producer at Don Davis Nissan Inc. including but not limited to Horatio LNU, Jesse LNU, Bryan Thompson and any and all other persons in any of those roles after the transfer of Calhoun.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and is nothing more than a fishing expedition. Don Davis further objects to this Request to the extent it seeks to invade the privacy rights of individuals not a party to this lawsuit.**

75.     For the period January 1, 2007 to the present, provide all documents relating to the payment plans or commission plans for each person employed as a temporary and/or permanent employee as a Finance Director, Finance Manager and/or F & I Producer at Don Davis Nissan Inc. including but not limited to Horatio LNU, Jesse LNU, Bryan Thompson and any and all other persons in any of those roles after the transfer of Calhoun.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and is nothing more than a fishing expedition. Don Davis further objects to this Request to the extent it seeks to invade the privacy rights of individuals not a party to this lawsuit.**

APPENDIX 027

76.     Provide all documents relating to the hiring of a temporary and/or permanent replacement for Calhoun as a Finance Director, Finance Manager and/or F & I Producer at Don Davis Nissan Inc including but not limited to: all applications for the position; all documents relating to the consideration of any applicant either internal or external for the position and all job offer letters for the position.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.**

77.     For the period January 1, 2007 to the present, provide the complete personnel file of each person employed as a temporary and/or permanent employee as a Finance Director, Finance Manager and/or F & I Producer at Don Davis Auto, Inc. d/b/a Don Davis Toyota including but not limited to Shenila (LNU) and all documents that reflect the age and race of such persons.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and is nothing more than a fishing expedition. Don Davis further objects to this Request to the extent it seeks to invade the privacy rights of individuals not a party to this lawsuit.**

78.     For the period January 1, 2007 to the present, provide all W-2, 1099 and monthly commission worksheets for each person employed as a temporary and/or permanent employee as a Finance Director, Finance Manager and/or F & I Producer at Don Davis Auto, Inc. d/b/a Don Davis Toyota including but not limited to Calhoun, Shenila LNU and any and all other persons in any of those roles after the discharge of Calhoun.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and is nothing more than a fishing expedition. Don Davis further objects to this Request to the extent it seeks to invade the privacy rights of individuals not a party to this lawsuit.**

79.     For the period January 1, 2007 to the present, provide all W-2, 1099 and monthly commission worksheets for Clinton Calhoun which reflect payments either from any Don Davis entity and/or from any Toyota entity as well as any and all documentation that shows his entitlement to such payments.

**RESPONSE:**
**Don Davis objects to the portion of this Request seeking documents regarding "entitlements to such payments" as overly broad. Subject to and without waiving the foregoing objection, please see documents attached to this Response, bates-stamped DD 0181 – DD 0202.**

Defendant's Response to Plaintiff's Request for Production                                    Page 20

80.     For the period January 1, 2007 to the present, provide all W-2, 1099 and monthly commission worksheets for Steve Massey which reflect payments either from any Don Davis entity and/or from any Toyota entity as well as any and all documentation that shows his entitlement to such payments.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Don Davis further objects to this Request to the extent it seeks to invade the privacy rights of individuals not a party to this lawsuit.**

81.     For the period January 1, 2007 to the present, provide all documents which reflect how much money Clinton Calhoun was entitled to receive from either Don Davis entity and/or from any Toyota entity as bonus payments, "spifs", incentive payments, maintenance plan monies and/or special bonus payments as well as any and all documentation that shows entitlement to such payments by persons in Calhoun's position.

**RESPONSE:**
**Don Davis objects to the portion of this Request seeking documents regarding "entitlements to such payments" as overly broad. Subject to and without waiving the foregoing objection, please see documents attached to this Response, bates-stamped DD 0181 – DD 0202.**

82.     For the period January 1, 2007 to the present, provide all documents including all notes, emails, memoranda or other documents which reflect how much money Clinton Calhoun asserts he was entitled to receive from either Don Davis entity and/or from any Toyota entity as bonus payments, "spifs", incentive payments, maintenance plan monies and/or special bonus payments and all documents relating to any promise to pay any of such monies to Clinton Calhoun.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad and nonsensical – Don Davis does not know how Calhoun "contends" he was entitled to receive and he has indeed received all monies due to him.**

83.     For the period January 1, 2007 to the present, provide all documents relating to the payment plans or commission plans for each person employed as a temporary and/or permanent employee as a Finance Director, Finance Manager and/or F & I Producer at Don Davis Auto, Inc. d/b/a Don Davis Toyota including but not limited to Shenila LNU, any and all other persons in any of those roles from January 1, 2007 to the present.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is vague, ambiguous, and overly broad.**

84.     Provide all documents relating to the hiring of a temporary and/or permanent replacement for Calhoun as a Finance Director, Finance Manager and/or F & I Producer at Don Davis Nissan Inc including but not limited to: all applications for the position; all documents relating to the consideration of any applicant either internal or external for the position and all job offer letters for the position.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection and as to the relevant positions Calhoun held at Don Davis Toyota, Don Davis will produce responsive documents upon execution of an Agreed Protective Order.**

85.     If Don Davis asserts that no person was hired, transferred, or promoted to fill Calhoun's position after his separation of employment, provide all documents relating to allocation of his job duties to other persons at Don Davis.

**RESPONSE:**
**None.**

86.     Provide all documents sent by or received by Don Davis to the TCHRA and/or EEOC relating to Calhoun or his charge of discrimination including any and all position statements and/or any and all supporting documents sent to the EEOC.

**RESPONSE:**
**Please see documents attached to this Response, bates-stamped DD 0206 – DD 0232.**

87.     Provide all documents sent by or received by Don Davis to the TWC relating to Calhoun following his termination and all records of any hearing at the TWC.

**RESPONSE:**
**Please see documents attached to this Response, bates-stamped DD 0233 – DD 0259.**

88.     Provide all documents including all e-mails, notes, memos or other documents reflecting or relating to communications between any employees or agents of Don Davis that make any reference to Calhoun's job performance, his allegations of discrimination; alleged job deficiencies, his discipline and/or his termination.

**RESPONSE:**
**Please see documents previously produced, bates-stamped DD 0066 – DD 0171.  See also documents attached to this Response, bates-stamped DD 0203 – DD 0205.**

**Defendant's Response to Plaintiff's Request for Production**                                          **Page 22**

89.     If Don Davis asserts that Calhoun is not due back pay in the general amounts that he asserts provide all documents relied upon to support this contention.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad in that it impermissibly seeks to shift the burden of proof in this matter to Defendant and essentially asks Don Davis to disprove a negative; Calhoun claims are without merit, thus he is not entitled to any damages, whatsoever.**

90.     If Don Davis asserts that even if Calhoun should prevail on his discrimination or retaliation claims, he should not be reinstated or that his reinstatement would not be practical or feasible provide all documents relied upon to support this contention.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad in that it impermissibly seeks to shift the burden of proof in this matter to Defendant and essentially asks Don Davis to disprove a negative; Calhoun claims are without merit, thus he is not entitled to any damages, whatsoever.**

91.     If Don Davis asserts that Calhoun is not due punitive damages provide all documents relied upon to support this contention.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad in that it impermissibly seeks to shift the burden of proof in this matter to Defendant and essentially asks Don Davis to disprove a negative; Calhoun claims are without merit, thus he is not entitled to any damages, whatsoever.**

92.     If Don Davis asserts that Calhoun is not due compensatory damages provide all documents relied upon to support this contention.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad in that it impermissibly seeks to shift the burden of proof in this matter to Defendant and essentially asks Don Davis to disprove a negative; Calhoun claims are without merit, thus he is not entitled to any damages, whatsoever.**

93.     If Don Davis asserts that Calhoun is not due liquidated damages and/or that the age discrimination if proved was not willful provide all documents relied upon to support this contention.

APPENDIX 031

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad in that it impermissibly seeks to shift the burden of proof in this matter to Defendant and essentially asks Don Davis to disprove a negative; Calhoun claims are without merit, thus he is not entitled to any damages, whatsoever.**

94.     If Don Davis asserts that Calhoun failed to mitigate his damages, provide all documents relied on to support this contention.

**RESPONSE:**
**Don Davis will supplement this Response as discovery is ongoing.**

95.     If Don Davis asserts that Calhoun failed to exhaust administrative remedies and/or failed to satisfy all conditions precedent, provide all documents relied on to support this contention.

**RESPONSE:**
**Don Davis is making no such contention at this time.**

96.     Provide all documents relating to any employment reference relating to Calhoun provided by Don Davis or any of its supervisors or managers.

**RESPONSE:**
**None.**

97.     Provide documents which indicate the last known home and business name, address and telephone number, and person to contact in case of an emergency for each person identified by any party as a person with knowledge in this case.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad and exceeds the scope of permissible discovery. Subject to and without waiving the foregoing objection, please see Don Davis' Rule 26 Disclosures.**

98.     Provide all documents reflecting the net worth of Don Davis, for calendar years 2010 to the present either through financial statements, tax returns, annual reports and/or net worth statements.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad and to the extent it Calhoun is attempting to conduct "post verdict" discovery long before any such discovery is proper; and for the reason that the requested information is not relevant to any matter in the case, nor is the requested information calculated to lead to the discovery of any admissible evidence in the case.**

99. Provide Don Davis's tax returns for all years encompassing any part of the calendar years from 2010 to the present.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.**

100. Provide all documents which support any denial of Don Davis asserted in any Answer to Plaintiff's Complaint or Amended Complaint.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad in that it impermissibly seeks to shift the burden of proof in this matter to Defendant and essentially asks Don Davis to disprove a negative.**

101. Provide all documents which relate in any way to any affirmative defense of Don Davis asserted in any Answer to Plaintiff's Complaint or Amended Complaint.

**RESPONSE:**
**Don Davis objects to this Request to the extent it vague, ambiguous, and overly broad.**

102. Provide the most current resume or *curriculum vitae* of any individual that Don Davis expects will be a testifying expert witness, or a consulting expert witness whose opinions will be relied upon by a testifying expert witness.

**RESPONSE:**
**Don Davis will supplement this Response in accordance with an applicable Scheduling Order.**

103. Provide all reports or documents that were prepared by or relied on by any expert witness whom Don Davis has hired to testify relating to any allegation at issue in this lawsuit or by a consulting witness whose opinions, impressions and/or conclusions were reviewed by any of its testifying experts.

**RESPONSE:**
**Don Davis will supplement this Response in accordance with an applicable Scheduling Order.**

104.    Provide copies of the pages of any published treatises, periodicals or pamphlets on the subject or area of expertise involved in this lawsuit from which any of your witnesses intends to read statements into evidence or which an expert you may call as a witness recognizes as reliable authority (in identifying and listing the published treatises, periodicals or pamphlets, please state the title, volume and page number, author and the statement or portion which you intend to read into evidence, if a predicate is satisfactorily established).

**RESPONSE:**

**None at this time; however, Don Davis will supplement this Response, if necessary.**

105.    For the period of time July 1, 2010 to the present, provide all documents including those related to references sent by Don Davis or any of its managers or supervisors to any third party including prospective new employers of Calhoun and/or prospective references of Calhoun relating to Calhoun and/or his employment.

**RESPONSE:**

**None.**

106.    If Don Davis asserts that it is entitled to attorneys' fees or that Calhoun is not entitled to attorneys' fees in the approximate amounts he requests, provide any and all documents relating to Don Davis's costs and attorneys' fees incurred, including all fee and retainer agreements and all billing and attorney fee documents of Don Davis's law firm.

**RESPONSE:**

**Don Davis is not seeking attorneys' fees, but objects to the production of its attorneys' fee statement – such a request is overly broad and exceeds the scope of permissible discovery.**

107.    Provide a copy of any and all insurance policies that are applicable or arguably applicable to any of the claims of the Plaintiff.

**RESPONSE:**

**Please see documents previously produced, bates-stamped DD 0001 – DD 0021.**

108.    Provide all exhibits, demonstrative and documentary, which will be offered into the record at trial by Don Davis.

**RESPONSE:**

**As to trial exhibits, Don Davis will supplement this Response in accordance with any applicable Scheduling Order.  As to demonstrative exhibits, Don Davis agreed to exchange such exhibits with Calhoun upon a mutually agreed upon time and date.**

109.    Provide any and all documents, not previously provided which contain, set forth, summarize, analyze, discuss, or refer to any information relevant to any allegation at issue in this lawsuit, or which were reviewed or utilized in preparing any of your answers to any Interrogatory propounded by Calhoun.

**RESPONSE:**
**Don Davis objects to this Request to the extent it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and is nothing more than a fishing expedition. Don Davis further objects to this Request to the extent it seeks to require Don Davis to marshal its evidence.**

110.    If as to any Request for Production Don Davis has asserted attorney-client, work product, or investigative privilege, identify all documents withheld under claim of privilege, provide a privilege report including provision of the information requested in the instructions to these Requests.

**RESPONSE:**
**Don Davis has asserted no privilege.**

# EXHIBIT C

## Aaron Noce

**From:** Aaron Noce [anoce@ddag.com]

**Sent:** Thursday, July 22, 2010 10:07 AM

**To:** Ashleigh Nollie; Rosellen Dugan

**Subject:** RE: Spam New Unemployment Claim for Clinton Calhoun III Due 8/2/10

Good morning, Ashleigh.
Here is the response for Clinton Calhoun III, as well as his separation notice.

Let me know if you need anything else.

Aaron

-----Original Message-----
**From:** Ashleigh Nollie [mailto:anollie@corporatecostcontrol.com]
**Sent:** Wednesday, July 21, 2010 2:57 PM
**To:** Aaron Noce; Rosellen Dugan
**Subject:** Spam New Unemployment Claim for Clinton Calhoun III Due 8/2/10

## Deadline: 8/2/10 Clinton Calhoun III 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

We have received a notice of unemployment claim filed by the individual listed above. Please provide the following information and include as much detail as possible with your response as well as a name/contact person of whom to obtain additional details and documents if needed.

Please note, Information must be received by the deadline LISTED before the end of the business day, in order to protect your account from charges.

Hire Date: 12/07/07
Last date physically worked: 07/06/10
Title/position: F&I Director
FT/PT: Full time
Immediate Supervisor: Steve Massey
Location/Store/Unit #: (if applicable): Toyota F&I, 3-10

Detailed reason for separation: See attached separation notice

7/22/2010